UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| JESSIE WASHINGTON, GLORIA JEAN WASHINGTON, JOHNNY WILLIAMS, and GENEVA MANUEL,<br><br>  Plaintiffs,<br><br>vs.<br><br>EXPRESS ONE EXPEDITED SOLUTIONS INC., EAST BEND PROPERTIES, LLC, and TRACEY CYPHERT,<br><br>  Defendants. | 7:08-CV-01858-LSC |

MEMORANDUM OF OPINION

I.   Introduction.

The Court has for consideration Defendant Express One Expedited Solutions, Inc. ("Solutions") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). (Doc. 16.) Plaintiffs Jesse Washington, Gloria Jean Washington, Johnny Williams, and Geneva Manuel ("Plaintiffs") sued Defendants Solutions, Express One, Inc. ("Express One"), East Bend Properties, LLC ("East Bend"), and Tracey Cyphert ("Cyphert").

Solutions maintains that this Court lacks personal jurisdiction over it in this matter, and that it should be dismissed from this action.  The issues raised in Solutions' motion have been fully briefed by the parties and are ripe for review.  After full consideration of the argument and evidence presented, the Court finds that the evidence, when viewed in the light most favorable to the Plaintiff, establishes personal jurisdiction over Solutions.

II.     Facts.[1]

Solutions is a Delaware corporation with its principle place of business in Buchanan, Michigan.  On August 30, 2008, the vehicle containing the Plaintiffs was struck by another vehicle driven by Cyphert.  At the time of the accident, the Plaintiffs allege that Cyphert was the agent, servant, or employee of Solutions and was in the course and scope of his employment.  Plaintiffs have now brought various claims arising from that accident against Solutions and its co-defendants.

III.    Analysis.

---

[1] The facts recited in this opinion are, unless otherwise indicated, taken from the allegations contained in Plaintiffs' Complaint.  (Doc. 1.)

Solutions argues that this Court lacks personal jurisdiction and that this case should be dismissed. Solutions maintains that it neither does business nor maintains an office in Alabama. Furthermore, Solutions states that it has no employees, customers, or property in Alabama, and that it does not solicit business in this state. Solutions also argues that at the time of the accident, Cyphert was in the employ of Express One, a wholly owned subsidiary of Solutions. Solutions maintains that Express One is an independent and separate entity and that Solutions is not liable for its activities or employees.

A.   Two Step Personal Jurisdiction Test.

It is a question of law whether a federal court has personal jurisdiction over a defendant. *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000). "The plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction over a nonresident defendant." *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268-69 (11th Cir. 2002). To establish a prima facie case of personal jurisdiction over a non-resident, a plaintiff must present "enough evidence to withstand a motion for a directed verdict." *Consol. Dev. Corp.*, 216 F.3d at 1291. If the defendant submits affidavits

contradicting the claims made by the plaintiff, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Meier*, 288 F.3d at 1269. If the complaint and supporting evidence are in conflict with the defendant's affidavits, then "the district court must construe all reasonable inferences in favor of the plaintiff." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).

The Court's determination of whether it has personal jurisdiction over a non-resident defendant turns on a two-prong test. *See, e.g., Madara*, 916 F.2d at 1515-16. Only if both prongs are satisfied will the Court assert jurisdiction. *Id.* at 1514. "First, we consider the jurisdictional question under the state long-arm statute." *Id.* If that prong is met, the second prong requires the court to determine whether there are sufficient minimum contacts to satisfy due process concerns. *Id.*

Alabama's Long-Arm Statute permits the exercise of jurisdiction over non-residents to the "fullest extent allowed under the Due Process Clause of the Fourteenth Amendment to the Constitution." *Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1355-56 (11th Cir. 2000). Because the due process guarantees of the Alabama Constitution are

coextensive with that of the Constitution of the United States, this Court turns to the question whether the requirements for personal jurisdiction under the Due Process Clause of the Fourteenth Amendment have been satisfied.  *See Ex parte Georgia Farm Bureau Mut. Auto. Ins. Co.*, 889 So. 2d 545, 550 (Ala. 2004).

"Considerations of due process require that a non-resident defendant have certain minimum contacts with the forum, so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice."  *Consol. Dev. Corp.*, 216 F.3d at 1291; *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  The sufficiency of the defendant's contacts with the forum state depends on the quantity and quality of those contacts, as well as the type of personal jurisdiction being asserted: specific or general.  *Consol. Dev. Corp.*, 216 F.3d at 1291.  "Initially, it is the plaintiff's burden to establish such minimum contacts, however, once established, the burden then shifts to [the] defendant to demonstrate that the exercise of jurisdiction would offend traditional notions of fair play and substantial justice."  *Peacock v. Merrill*, 2005 WL 2233466 *2 (S.D. Ala.

2005) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985); *Ruiz de Molina*, 207 F.3d at 1358).

    B.    Minimum Contacts.

The nature and quality of the required minimum contacts "vary depending upon whether the type of personal jurisdiction being asserted is specific or general." *Consol. Dev. Corp.*, 216 F.3d at 1291.

    1.    General Jurisdiction.

For a court to exercise general personal jurisdiction, so that a non-resident can be required to defend, within the forum, a cause of action unrelated to his contacts with the forum, there must be a showing that the non-resident had "continuous and systematic general business contacts" with the forum state. *Consol. Dev. Corp.*, 216 F.3d at 1292; *see also, Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). The due process requirements for general jurisdiction are "more stringent than that for specific jurisdiction" and must be "substantial" to warrant jurisdiction. *Nippon Credit Bank, Ltd. v. Matthews*, 291 F.3d 738, 747 (11th Cir. 2002) (quoting *Consol. Dev. Corp.*, 216 F.3d at 1292). The Eleventh Circuit has held that "advertising that is reasonably calculated to

reach the forum may constitute purposeful availment of the privileges of doing business in the forum." *SEC v. Carrillo*, 115 F.3d 1540, 1545 (11th Cir. 1997).

Solutions has provided, with its motion to dismiss, the affidavit of Mark Patterson ("Patterson") who was, at the time the affidavit was sworn, the Chief Financial Officer of Solutions. In that affidavit, Paterson states that, while both Solutions and Express One are "engaged in the business of freight/cargo transportation," Solutions does not solicit business in Alabama or do business in Alabama. (Doc. 16, Ex. 1.)

In Patterson's deposition, however, Plaintiffs point to a number of inconsistencies that appear to indicate Solutions may very well advertise and conduct business in Alabama. Many of these inconsistencies arise from the maintenance of a single website for both Solutions and Express One. (Doc. 22, Ex. A, Patterson Depo. at 20:4-11.) This confusion is further compounded by Solutions use of an "Express - 1" logo (the "logo") for documents that reference Solutions or Express One. For instance, in a Broker Carrier Agreement, the logo is used in a document used to establish business

relationships between Solutions and freight carriers.[2] (Doc. 22, Ex. 8.) In other places, this logo is used in documents referencing Express One. (Doc. 22, Ex. 1.)

It therefore becomes very difficult for the Court to accurately determine whether key documents in the jurisdictional analysis refer to Solutions or Express One. For instance, a map of the United States included on the website identifies the company using only the logo and includes the caption, "Vehicles strategically located in these areas." (Doc. 22, Ex. 7; Doc. 22, Ex. A, Patterson Depo. at 91-94.) The map then includes six stars in the state of Alabama. *Id.* Another map on the website states, "Express-1 covers all 48 states, Canada and Mexico." (Doc. 22, Ex. 7; Doc. 22, Ex. A, Patterson Depo. at 173.) This map echos a statement made in an investor relations overview from the website. This statement, in which Solutions is referred to as Express-1, states that the company services companies "that need goods moved anywhere in the lower 48 states and Canada at a

---

[2]According to Patterson, this document mistakenly names Solutions instead of Express One. Doc. 22, Ex. A., Patterson Depo. at 96-97.

moment's notice." (Doc. 22, Ex. 22; Doc. 22, Ex. A, Patterson Depo. at 148.)

Taking the Broker Agreement, the advertisements on its website, and the investor statement together, it appears that Solutions has clearly held itself out as doing business in Alabama and solicited business from the same.[3] When confronted with this evidence, Patterson repeatedly states that someone made "a mistake." *See, e.g.,* Doc. 22, Ex. A., Patterson Depo. at 97. It is the job of the Court, however, to take "all reasonable inferences in favor of the plaintiff." *Madara*, 916 F.2d at 1514. It is apparent to this Court that given this standard the Plaintiff has sufficiently shown that Solutions has held itself out as doing business in Alabama and therefore should have been aware that its activities might lead to litigation in this state. Therefore, general jurisdiction is appropriate at this time.

    2.    Specific Jurisdiction.

To constitute minimum contacts for purposes of specific jurisdiction,

---

[3] These examples represent only a sampling of instances collected by Plaintiff in which either Solutions directly states that it services Alabama or a similar claim is made under the ubiquitous and ambiguously styled logo.

> the defendant's contacts with the applicable forum must satisfy three criteria. First, the contacts must be related to the plaintiff's cause of action or have given rise to it. Second, the contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum . . ., thus invoking the benefits and protections of its laws. Third, the defendant's contacts with the forum must be such that [the defendant] should reasonably anticipate being haled into court there.

*Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1546 (11th Cir. 1993) (citations omitted). The "minimum contacts" requirement is grounded in fairness and assures "that 'the defendant's conduct and connection with the forum State [is] such that he should reasonably anticipate being haled into court there.'" *Consol. Dev. Corp.*, 216 F.3d at 1291-92; *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Furthermore, the "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the unilateral activity of another party or a third person." *Rudzewicz*, 471 U.S. at 475 (citations omitted). While the Court has held that no bright line rules or tests exist for personal jurisdiction, a single contact can be enough, though that contact must create a substantial connection with the forum state. *Id.* at 475 n.18 ("So long as it

creates a 'substantial connection' with the forum, even a single act can support jurisdiction.") But it is the quality and not the quantity of the contacts that matter, and a single contact with an out-of-state party, if supported by nothing else, will not automatically support jurisdiction. *Id*. at 478.

The Plaintiffs have shown sufficient evidence that this Court has specific jurisdiction over Solutions. In Patterson's affidavit, he states that Cyphert was operating under a contract with Express One. (Doc. 16, Ex. 1.) In his deposition, however, Patterson admitted that he had no personal knowledge of this fact, but rather "relied on the lawsuit that you filed and Mr. Tracey's [an employee of Express One] comments and statements to me." (Doc. 22, Ex. A., Patterson Depo. at 194-97.) It appears, then, that Patterson is not the proper person to testify as to the contractual relationship between Cyphert and Solutions or Express One. Given the evidence discussed above as to the extent to which Solutions itself is a provider of the transport service in which Cyphert was engaged at the time of the accident,

it is apparent that, at this evidentiary stage, Plaintiff has established specific personal jurisdiction over the defendant.[4]

### C. Notions of Fair Play and Substantial Justice.

In addition to finding that Solutions has sufficient minimum contacts to subject it to the personal jurisdiction of courts sitting in the State of Alabama, traditional notions of fair play and substantial justice would not be offended by forcing Solutions to defend this action in Alabama. The Eleventh Circuit has held that the following factors should be considered when making this determination: "(a) the burden on the defendant, (b) the forum State's interest in adjudicating the dispute, (c) the plaintiff's interest in obtaining convenient and effective relief, (d) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (e) the shared interest of the several States in furthering fundamental substantive social policies." *McGow v. McCurry*, 412 F.3d 1207, 1216 (11th Cir. 2005) (quoting *Meier*, 288 F.3d at 1276).

---

[4]The Court recognizes that as the evidentiary record develops, it may be appropriate to revisit the personal jurisdiction analysis. Furthermore, both parties have spent a good deal of their briefs on arguments regarding whether this Court should pierce the corporate veil in relation to Solutions and Express One. The Court does not reach that issue here.

The burden on Solutions in this case is not significant. Solutions is a national company which apparently does business in "all 48 states." Furthermore, the events at the heart of this litigation occurred in Alabama and many of the parties are located in this state. The minimal inconvenience of having Solutions defend this action in Alabama does not violate traditional notions of fair play and substantial justice.

IV. Conclusion.

For the reasons stated above, the Court finds that it is appropriate to exercise personal jurisdiction over Solutions at this time. Solutions motion to dismiss is hereby DENIED.

Done this 21st day of July 2009.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671